**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| AMERICAN FEDERATION OF ) | |
| GOVERNMENT EMPLOYEES, ) | |
| AFL-CIO, ET AL., ) | |
| Plaintiffs. ) | |
| ) | Civil Action Number: 1:26-cv-11747-DJC |
| v. ) | |
| ) | |
| U.S. FEDERAL LABOR RELATIONS ) | |
| AUTHORITY, ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS'**
**OPPOSITION TO THE MOTION FOR RECONSIDERATION**

As the Court determines its own subject-matter jurisdiction over this case based on the

motion for reconsideration after *Mullin v. Doe*, 609 U.S. __, 2026 WL 1825840 (June 25, 2026),

the Federal Labor Relations Authority ("FLRA") urges the Court to consider binding and

persuasive precedent from the Circuit level left out of the Plaintiffs' response to the motion for

reconsideration that may be relevant to the decision. For this reason, the FLRA respectfully

requests leave to file a short 1-paragraph supplemental response. On August 6, 2026, the FLRA

informed Plaintiffs of the FLRA's intention to file this motion, and does not yet know of

Plaintiffs' position concerning this motion. Plaintiffs have, however, opposed the FLRA's

Motion for Reconsideration. The 1-paragraph supplemental response that the FLRA would like

to submit is as follows:

In interpreting 5 U.S.C. § 7123, the Plaintiffs did not cite the most relevant decision,

*American Federation of Government Employees, AFL-CIO v. FLRA*, 750 F.2d 143, 144 (D.C.

Cir. 1984), which interpreted Section 7123's use of the term "order" to include interpretive rules.

If this is the case, then this Court does not possess jurisdiction to review this matter—and any

1

determination as to whether the Interim Final Rule ("IFR")[1] and Delegation Memorandum[2] fall within Section 7123's bar on judicial review should be made by a court of appeals. *See Am. Fed'n of Gov't Emps., AFL-CIO v. Loy*, 367 F.3d 932, 935 (D.C. Cir. 2004); *cf Am. Fed'n of Gov't Emps., Nat'l Council of HUD Locs. Council 222, AFL-CIO v. FLRA*, 99 F.4th 585, 592 (D.C. Cir. 2024) (holding in the comparable case of arbitration awards under Section 7123(a) "if a federal statute clearly bars district court jurisdiction—as 7123(a) does over arbitration-related decisions—that ends the matter."(citations omitted)).  The conclusion that the IFR and Delegation Memorandum are orders is consistent with longstanding District of Columbia Circuit precedent mirrored by other circuit courts. *See New York Republican State Comm. v. S.E.C.*, 799 F.3d 1126, 1131-32 (D.C. Cir. 2015). This principle is also consistent with First Circuit precedent, which included rules as "orders" when interpreting a similar direct review statute. *See Aviators for Safe & Fairer Regul., Inc. v. F.A.A.,* 221 F.3d 222, 225 (1st Cir. 2000). Plaintiffs ignored these cases by citing *New England Telephone & Telegraph Co. v. Public Utilities Commission of Maine*, 742 F.2d 1, 8 (1st Cir. 1984) and did not point out that *New England* distinguished the meaning of "order" in judicial review provisions. *Id.* (distinguishing *Columbia Broad. Sys., Inc. v. United States*, 316 U.S. 407, 418 (1942)). To the extent the time for petitioning the First Circuit for review under Section 7123 has passed (60 days), the Court may decide to dismiss the case.

---

[1] *Meaning of Terms as Used in This Subchapter; Representation Proceedings; National Consultation Rights and Consultation Rights on Government-wide Rules or Regulations; Miscellaneous and General Requirements*, 91 Fed. Reg. 13933 (Mar. 24, 2026).

[2] *Amendment to Memorandum Describing the Authority and Assigned Responsibilities of the General Counsel of the Federal Labor Relations Authority*, 91 Fed. Reg. 13949 (Mar. 24, 2026).

3

Respectfully submitted,

By:  /s/ Thomas Tso
     THOMAS TSO
     Solicitor
     Federal Labor Relations Authority
     1400 K Street, N.W., Suite 200
     Washington, D.C. 20424
     (771) 444-5779
     ttso@FLRA.gov

3

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on August 6, 2026, the above document was filed through the Electronic Case Filing system for filing and service was accomplished for the registered participants.

/s/ Rebecca J. Osborne

REBECCA J. OSBORNE